### No. 9943.

### SELDER, ET AL. v. WINEGAR.

Decided January 9, 1922.

Action against the vendor of real estate to recover the amount of taxes paid by purchaser. Judgment for plaintiff.

### *Reversed.*

1. REAL PROPERTY—*Deeds—Reformation.* Where terms and conditions have been omitted from a deed by mistake, it is competent for equity to supply the omission as far as it is right and proper. Either vendor or vendee may have the reformation, not only by direct proceeding, but also by way of answer, asking affirmative relief.

2. PLEADINGS—*Answer.* Under our code, a defendant may set forth both legal and equitable defenses.

3.          *Vendor and Purchaser—Payment of Taxes—Agreement.* A
deed was silent as to payment of taxes. In an action by the
purchaser to recover from the vendor taxes paid by the former,
defendant answered that under the contract of sale, the pur-
chaser was to pay all taxes and assessments against the land,
but that by mutual mistake this agreement was omitted from
the deed. The sustaining of a general demurrer to this answer
held error.

*Error to the District Court of Kit Carson County, Hon.
Arthur Cornforth, Judge.*

Mr. S. E. MARSHALL, for plaintiffs in error.

Mr. LOUIS VOGT, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by the purchaser against the vendors
of real estate to recover the amount of taxes paid by the
former for the year 1918, upon the land conveyed. The
deed was delivered August 26, 1918. The plaintiff relies
upon section 5703 R. S. 1908, which reads as follows:

"As between the grantor and grantee, where there is
in the instrument of conveyance no express agreement as
to which shall pay the taxes that may be assessed on the
land conveyed, if such conveyance is made between the
thirty-first (31st) day of December and the first (1st) day
of next July, then the grantee shall pay the taxes for the
year in which the conveyance is made. But if the property
is conveyed between the thirtieth (30th) day of June and
the first day of next January, then the grantor shall pay
the taxes for the year in which the conveyance is made."

The answer of the defendants sets forth the contract
pursuant to which the conveyance was made. It is therein
provided that the purchasers (plaintiff below) "agrees to
pay all taxes, assessments or impositions that may be le-
gally levied or imposed upon said land." The contract was
made May 11, 1918.

As a further defense, the answer alleged, in substance,
that by the contract above mentioned it was agreed by the
parties that the plaintiff would pay all taxes "that were

or would be assessed against and levied upon" the land, and that a deed should be executed embodying such agreement. It is then further alleged:

"That at the time of the execution and delivery of said deed of conveyance the terms and provisions of said contract with respect to the payment of all taxes by the plaintiff, as described in said contract, was and were by the mutual mistake of the plaintiff and defendants omitted from the said deed, and that such omission occurred by accident and mistake."

The answer, by way of cross-complaint, asks that the deed be reformed to contain the alleged agreement with reference to the payment of taxes.

The trial court sustained a general demurrer to the answer. Judgment was duly entered for plaintiff. The defendants bring the cause here for review, and contend that it was error to sustain the demurrer.

The first defense set up in the answer raises the question whether effect may be given to an agreement to pay taxes where the agreement is in a contract, but omitted from the deed. As to this, no opinion is expressed, but the cause will be disposed of upon the second defense, hereinbefore mentioned, which is, in effect, that by mutual mistake an agreement on plaintiff's part to pay the 1918 taxes was omitted from the instrument of conveyance.

Deeds are among the instruments that are subject to reformation. 34 Cyc. 923. Where terms and conditions have been omitted from a deed by mistake, it is competent for equity to supply the omissions so far as it is right and proper. 34 Cyc. 932. Either the vendor or vendee is entitled to reformation. 34 Cyc. 951. The remedy may be sought, not only by a direct proceeding, but also by way of answer as a defense asking affirmative relief. 34 Cyc. 963. Under our code the defendant may set forth both legal and equitable defenses. Section 65, Code of Civil Procedure of 1908.

The deed involved in this case, if reformed in accordance with the defendants' answer, would show the plaintiff liable

for the 1918 taxes, and not entitled to recover from the defendant on account of having paid such taxes. The answer states facts sufficient to constitute a defense, and it was therefore error to sustain a general demurrer to the same.

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer and for other proceedings not inconsistent with this opinion.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.